IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JORGE PEREZ-MURILLO                                                                    PETITIONER

VERSUS                                                         CIVIL ACTION NO. 5:04cv328DCB-JCS

CONSTANCE REESE                                                                        RESPONDENT

## OPINION AND ORDER

On December 13, 2005, this court ordered the petitioner to respond on or before Tuesday, January 3, 2006, and provide additional information concerning his sentence.[1]  The envelope containing the order of December 13, 2005, was returned as undeliverable with a notation to forward to P.O. Box 5010, Oakdale, Louisiana.  A copy of the order of December 13, 2005, was forwarded in an envelope addressed to the petitioner at Oakdale, Louisiana on January 20, 2006.  The envelope with the Oakdale, Louisiana address was then returned to this court on January 31, 2006, and was marked undeliverable with a notation "no forwarding address - deported on 11/15/05."

According to the docket entries, the petitioner has failed to comply with the order of December 13 or to communicate with this court concerning this civil action.  Consequently, this court finds that the petitioner's failure to comply with an order of this court or to communicate with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to

---

[1] The petitioner had been warned previously that failure to comply with an order of this court or failure to advise this court of a change of address could result in the dismissal of this civil action.

dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  Link, supra, 370 U.S. at 630.

Since the respondent has not been called upon to respond to the petition, and has never appeared in this action, and since the court has never considered the merits of the petition , the court's order of dismissal should provide that dismissal is without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

THIS, the   10th   day of February, 2006.

        s/ David Bramlette
        UNITED STATES DISTRICT JUDGE